**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

MICIAH BLACK,                                    :   Case No. 2:23-cv-3954
                                                 :
      Plaintiff,                             :
                                                 :
                                                 :   Judge Jeffery P. Hopkins
vs.                                              :   Magistrate Judge Kimberly A. Jolson
                                                 :
CHRISTOPHER HARTLEY,                             :
                                                 :
      Defendant.                             :

---

**REPORT AND RECOMMENDATION**

---

*Pro se* Plaintiff Miciah Black is a prisoner seeking compensation for the loss of personal property while in state custody. He submitted his first complaint to this Court's Western Division at Cincinnati in June 2023. *See Miciah Black v. Ohio Department of Rehabilitation and Corrections, et al.*, Case No. 1:23-cv-404. The first complaint appeared to name the ODRC and Correctional Officer Christopher Hartley as defendants. (*See* Doc. 5 in Case No. 1:23-cv-404). On September 1, 2023, the undersigned Magistrate Judge screened the first complaint and recommended that the first case be dismissed in its entirety for three reasons. (*See* Doc. 6 in Case No. 1:23-cv-404). Specifically, the Undersigned said: (1) that the ODRC was not a proper defendant, (2) that the Eleventh Amendment barred any claim for monetary damages against Officer Hartley in his official capacity, and (3) that the claim for loss of personal property could not proceed because Plaintiff had (and used) an available and adequate state remedy to address the issue; that is, he sued in the Ohio Court of Claims and lost. (*Id*.). Plaintiff would have to plead and show that he had no adequate state remedy to succeed on his claim. (*Id*.). Plaintiff did not file objections to the Undersigned's recommendation. The first case is pending as of this writing.

Plaintiff submitted his second complaint to this Court's Eastern Division at Columbus, instituting this second case, Case No. 2:23-cv-3954.  The second case was opened on this Court's docket on November 28, 2023.  The second complaint names only Officer Hartley as a defendant. Both complaints concern the same September 27, 2021, incident at Lebanon Correctional Institution involving Plaintiff and Officer Hartley.  (*Compare* Doc. 5, PageID 45-46 in Case No. 1:23-cv-404 *with* Doc. 1, PageID 1, 5 herein).  In his second complaint, Plaintiff acknowledged that the first case was pending.  (*See* Doc. 1, PageID 2 herein).

On December 5, 2023, the Undersigned ordered Plaintiff to show cause why the second case should not be dismissed as duplicative of the first case.  (Doc. 4 herein).  Plaintiff filed a timely response.  (Doc. 5).  He explains that a lawyer advised him to re-file his complaint against Officer Hartley only because the ODRC is not a proper defendant.  (*Id*.).  He does not dispute that the second case is duplicative of the first case or identify any other difference between the cases.

While the Undersigned now understands why Plaintiff re-filed his complaint, the second case raises the same claim against Officer Hartley and is duplicative of the first case.  The Supreme Court of the United States has said that "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," have given rise to the "general principle" that duplicative litigation in the federal court system is to be avoided.  *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) (cleaned up).  "A federal district court has the inherent power to dismiss an action when it is duplicative of another action pending in that court."  *White v. Ohio*, No. 3:22-cv-237, 2022 WL 9584100, at *1 (S.D. Ohio Sept. 6, 2022), *report and recommendation adopted*, 2022 WL 9584127 (S.D. Ohio Sept. 29, 2022); *see also Baldwin v. Marshall & Ilsley Fin. Corp.,* No. 1:11-cv-804,

2011 WL 7499434, at *4 (S.D. Ohio Nov. 23, 2011) (and numerous cases cited therein), *report and recommendation adopted*, 2012 WL 869289 (S.D. Ohio Mar. 14, 2012).

The Undersigned accordingly **RECOMMENDS** that the Court **DISMISS** this second case, No. 2:23-cv-3954, as duplicative of the first case, No. 1:23-cv-404.[1]  The Undersigned further **RECOMMENDS** that the Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff may file objections to this Report and Recommendation as discussed next.  He is **ADVISED** that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

**<u>Notice Regarding Objections to this Report and Recommendation</u>**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **<u>within fourteen days</u>** after being served with a copy thereof. Fed. R. Civ. P. 72(b).  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a *de novo* determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

---

[1] The Undersigned again observes that "the second complaint appears to be subject to dismissal . . . even if the case is not found to be duplicative," because of the third issue discussed in the first case:  the existence of an adequate state remedy.  (*See* Doc. 4, PageID 20-21 herein).

evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R *de novo*, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date: January 16, 2024                                          /s/ Kimberly A. Jolson
                                                                KIMBERLY A. JOLSON
                                                                UNITED STATES MAGISTRATE JUDGE

4